United States District Court
Southern District of Texas
**ENTERED**
October 14, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| PAULO TREVINO, JR., | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:21-CV-00075 |
| | § | |
| BOBBY LUMPKIN, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM AND RECOMMENDATION**

Petitioner, Paulo Trevino, Jr., is a state prisoner incarcerated at the Terrell Unit in Rosharon, TX. (D.E. 1). Proceeding *pro se*, he filed this habeas corpus petition pursuant to 28 U.S.C. § 2254, challenging his 2014 Nueces County conviction (Case Number 14-CR-1274-F) for aggravated robbery. (D.E. 1, Page 2). Pending is Respondent's Motion for Summary Judgment to which Petitioner has responded. (D.E. 13 and D.E. 22). For the reasons stated below, it is respectfully recommended the Court **GRANT** Respondent's Motion for Summary Judgment (D.E. 13) and **DISMISS** this action as time barred. The undersigned further recommends the Court **DENY** a Certificate of Appealability.

## I. JURISDICTION

The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241 and 2254. A habeas action may be filed either in the district where petitioner is in custody or in the district in which petitioner was convicted. 28 U.S.C. § 2241(d); *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000). Jurisdiction and venue are proper in this Court because

Petitioner was convicted within the Corpus Christi Division of the Southern District of Texas. *Id.*; 28 U.S.C. § 124(b)(6).

## II. BACKGROUND

On September 26, 2014, Petitioner was found guilty by a jury of aggravated robbery and was sentenced to 45 years imprisonment as a habitual offender. (D.E. 12-45, Pages 24-26). Petitioner appealed this conviction, which was affirmed by the Thirteenth District Court of Appeals on December 29, 2016. (D.E. 12-1 and D.E. 12-6). Petitioner did not file a petition for discretionary review ("PDR") with the Texas Court of Criminal Appeals. (D.E. 1, Page 3 and D.E. 13-2). Petitioner filed a state habeas petition on or about November 21, 2017 which was denied without written order on findings of the trial court after a hearing and on the court's independent review of the record on September 16, 2020. (D.E. 12-26 and D.E. 12-44, Pages 4 and 28). Petitioner then filed this federal habeas action on April 16, 2021. (D.E. 1, Page 10).

## III. RESPONDENT'S MOTION FOR SUMMARY JUDGMENT

Respondent asserts this action should be summarily dismissed as time barred. The undersigned agrees. Petitioner's habeas petition is not timely filed pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA") which establishes a one-year statute of limitations period runs from the latest of four alternative dates:

> (A) the date on which the judgment become final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). This period is tolled during the time a petitioner properly files for state post-conviction writ review. 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.") Petitioner filed his current petition after the effective date of AEDPA and so is subject to its provisions. *Lindh v. Murphy*, 521 U.S. 320 (1997).

Petitioner did not file a PDR and therefore, his conviction became final on Monday, January 30, 2017, when the 30-day period for seeking discretionary review expired after his conviction was affirmed by the Thirteenth District Court of Appeals on December 29, 2016. *Butler v. Cain*, 544 F.3d 314, 317 (5th Cir. 2008); Tex. R. App. P. 68.2; Fed. R. Civ. P. 6(a)(1)(c). As such, Petitioner had one year, until January 30, 2018, to timely file a federal application for habeas corpus relief. However, Petitioner's state habeas application filed on November 21, 2017 and denied on September 16, 2020, tolled the limitations period during this time. Therefore, Petitioner had until November 25, 2020[1] to file a federal petition challenging his conviction. Petitioner did not file his petition until April 16, 2021.

However, the one-year period of limitations in § 2244(d)(1) of AEDPA is not a jurisdictional bar and can be equitably tolled in rare and exceptional circumstances. *Davis v.*

[1]Respondent calculates the deadline as November 30, 2020. (D.E. 13, Page 12). However, when Petitioner filed his state habeas petition, there were 70 days remaining in the one-year limitations period. His petition was denied on September 16, 2020, making the new deadline 70 days later, on Wednesday, November 25, 2020. However, using either date, the petition is untimely by over four months.

*Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *Umana v. Davis*, 791 F. App'x 441, 443 (5th Cir. 2019). A petitioner is entitled to equitable tolling if he shows that he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citations omitted); *Palacios v. Stephens*, 723 F.3d 600, 604 (citing *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012) (citations omitted)). "[N]either excusable neglect nor ignorance of the law is sufficient to justify equitable tolling." *Sutton v. Cain*, 722 F.3d 312, 317 (5th Cir. 2013) (citing *Fierro v. Cockrell*, 294 F.3d 674, 682-83 (5th Cir. 2002) (It is "clear that a lack of knowledge of the law, however understandable it may be, does not ordinarily justify equitable tolling.") (citations omitted). Nor does unfamiliarity with the legal process (whether the unfamiliarity is due to illiteracy or any other reason) or lack of representation during the applicable filing period merit equitable tolling. *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (citation omitted).

Petitioner fails to allege sufficient "extraordinary circumstances" that prevented him from timely filing his claim. While Petitioner asserts he did not know about the December 29, 2016 denial of his direct appeal until March 17, 2017, he did not diligently pursue his rights, waiting until November 21, 2017 to file a state habeas petition and then delaying over four months past the deadline to properly pursue his federal habeas remedy after his state habeas was denied on September 16, 2020. *Schimtt v. Zeller*, 354 F. App'x 950, 951-52 (5th Cir. 2009) ("[A] component of the obligation to pursue rights diligently is not to wait until near a deadline to make a filing, then seek equitable tolling when something goes awry," denying tolling after Petitioner "delayed approximately ten months after his conviction was final before applying for state habeas relief."); (D.E. 22, Pages 11-13 and 15). Further, Petitioner asserts he was diagnosed with COVID and in lockdown from April 25, 2020 through July 4, 2020, prior to the denial of his state habeas petition

on September 16, 2020. (D.E. 22, Pages 14-15). However, no additional tolling time is warranted for this period as Petitioner's state habeas petition has already tolled this period. Further, Petitioner has not presented any evidence that diminished access to law library materials actually prevented him from timely filing his federal petition. *Ramos v. Lumpkin*, No. SA-20-CA-01448-FB, 2021 WL 3410314, at * 3 (W.D. Tex. Aug. 4, 2021) ("As the majority of Petitioner's limitations period took place prior to the initiation of any COVID-19 protocols, his arguments regarding intermittent library access as a result of COVID-19 do little to explain why Petitioner could not have filed the instant petition earlier.") Additionally, the § 2254 form petition does not require a petitioner to analyze or cite case law. Lastly, courts in this Circuit have repeatedly found that prison lockdowns, including COVID-19 related lockdowns, that occur during the one-year limitations period do not justify equitable tolling. *Cruz v. Lumpkin*, No. 4:21-CV-610-P, 2021 WL 3710568, at * 2-3 (N.D. Tex. Aug. 18, 2021) (Intermittent lockdowns, limited access to the prison law library and an inability to obtain legal assistance because of COVID-19 pandemic procedures did not prevent petitioner from filing a federal habeas petition and are therefore not grounds for equitable tolling); *Ramos*, 2021 WL 3410314, at * 3 (Delays in accessing library materials because of COVID-19 protocols and lockdowns do not constitute an "extraordinary circumstance" which prevented Petitioner from timely filing his federal habeas petition); *United States v. Pizarro*, No. CR 16-63, 2021 WL 76405, at *2 (E.D. La. Jan. 8, 2021) (finding a COVID-19 lockdown which "impeded [Petitioner's] access to the facility's law library" did not justify equitable tolling as it did not actually prevent the petitioner from timely filing his habeas petition); *Coppin v. United States*, 3:10-CR0345-K91, 2018 WL 1122175, at *4 (N.D. Tex. Mar. 1, 2018) (A series of institutional lockdowns did not constitute an extraordinary circumstance to warrant equitable tolling); *Tate v. Parker*, 439 F. App'x 375, 376 (5th Cir. 2011) (Temporary denial of access to research materials

and inadequacies in the prison law library were not extraordinary circumstances sufficient to warrant equitable tolling).

In this case, Petitioner has not shown any valid basis upon which to equitably toll the statute of limitations. The fact he missed the filing deadline by only four months is not in itself grounds for equitable tolling of the limitations period. *Lookingbill v. Cockrell*, 293 F.3d 256, 264-65 (5th Cir. 2002) (finding four-day delay in filing a federal habeas petition by a death row inmate did not justify equitable tolling); *Houston v. Stephens*, No. H-14-2871, 2015 WL 1519083, at *3-4 (S.D. Tex. March 31, 2015) (Habeas petitioner was not entitled to equitable tolling because he filed his federal petition only eight days after limitations period ended); *Espinoza v. Dir., TDCJ-CID*, CIV.A. 6:08-cv-92, 2009 WL 961173, at *4 (E.D. Tex. Apr. 8, 2009) (finding that "the fact [petitioner] filed his federal habeas corpus petition only four days after the limitations period expired does not itself offer any basis for relief, equitable or otherwise [because] [t]he Fifth Circuit has specifically held that the limitations period represents a bright line, and that the deadline cannot be adjusted merely because petitioner missed it by only a few days) (citation omitted).

Petitioner was not diligent in pursuing his rights, delaying over four months past the deadline to pursue his federal habeas remedy. Further, Petitioner has failed to demonstrate any extraordinary circumstance prevented the timely filing of his petition. While it may have been more difficult to complete and file his federal habeas petition, the undersigned recommends the COVID-19 pandemic and/or Petitioner's alleged delay of notice about the denial of his direct appeal did not prevent Petitioner from timely seeking § 2254 relief. Additionally, Petitioner's claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. Lastly, Petitioner's claim is based upon

evidence that was available to him during the limitations period. Without a basis for equitable or statutory tolling, Petitioner's writ should be dismissed as time barred.

## IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the Court of Appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Petitioner has not yet filed a notice of appeal, it is respectfully recommended that this Court nonetheless address whether he would be entitled to a certificate of appealability ("COA"). A district court ruling on a petitioner's relief may *sua sponte* rule on a COA because it "is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious." *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam).

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). As to claims the Court rejects solely on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As to claims the Court rejects solely on procedural grounds, the Petitioner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. (emphasis added).

In Petitioner's case, it is recommended that the Court find his claims be dismissed on procedural grounds. Reasonable jurists would not find that Petitioner has stated a valid claim of denial of a constitutional right, or that the assessment of limitations in this case is debatable. If the District Judge orders that Petitioner's habeas petition be denied and Petitioner seeks a COA in order to proceed with his case, it is further recommended that the Court find a COA be denied because he has not made the necessary showing for issuance.

## V. RECOMMENDATION

For the reasons stated above, it is respectfully recommended the Court **GRANT** Respondent's Motion for Summary Judgment (D.E. 13) and **DISMISS** this action as time barred. The undersigned further recommends the Court **DENY** a Certificate of Appealability.

Respectfully submitted October 14, 2021.

Jason B. Libby
United States Magistrate Judge

**NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).