Case 2:21-cv-00075   Document 25   Filed on 01/28/22 in TXSD   Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
January 28, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| PAULO TREVINO, JR. | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:21-CV-00075 |
| | § | |
| BOBBY LUMPKIN | § | |
| | § | |
| Respondent. | § | |

## ORDER ADOPTING MEMORANDUM & RECOMMENDATION

Petitioner, Paulo Trevino, Jr., is a state prisoner incarcerated at the Terrell Unit in Rosharon, Texas. D.E. 1. Proceeding pro se, he filed a habeas corpus petition pursuant to 28 U.S.C. § 2254, challenging his 2014 Nueces County conviction for aggravated robbery. D.E. 1 (citing Case Number 14-CR-1274-F). Respondent filed a Motion for Summary Judgment to which Trevino responded. D.E. 13, 22.

United States Magistrate Judge Jason B. Libby issued a Memorandum and Recommendation (M&R), recommending that the Court grant Respondent's Motion for Summary Judgment and dismiss this action as time-barred under the Antiterrorism and Effective Death Penalty Act (AEDPA). D.E. 23, pp. 2–7. The M&R also recommends that the Court deny Trevino a certificate of appealability (COA). D.E. 23, pp. 7–8; *see* 28 U.S.C. § 2253(c). Pending before this Court are Trevino's objections to the M&R. D.E. 24. For the following reasons, the Court **OVERRULES** his objections and **ADOPTS** the Magistrate Judge's M&R.

1

## STANDARD OF REVIEW

The district court conducts a de novo review of any part of the magistrate judge's disposition that has been properly objected to. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). As to any portion for which no objection is filed, a district court reviews for clearly erroneous factual findings and conclusions of law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam).

## TIME-BARRED HABEAS PETITION

In response to the M&R, Trevino reurges that the Court should review the merits of his claims because he should be excused from compliance with the statute of limitations due to (1) delay of notice to him that his direct appeal was denied, and (2) his COVID-19 illness which prevented him from timely seeking § 2254 relief. D.E. 24, p. 6. He also argues that the Court should review his claims because they fall into an exception to limitations because they concern a constitutional right recognized by the Supreme Court. *Id.* at 4.

### I. Notice of result of appeal is not starting date for federal petition.

As the M&R states, the AEDPA provides four different dates that can start the running of the one-year limitations period; and the period runs from the latest of the four scenarios. 28 U.S.C. § 2244(d)(1)(A)–(D). Trevino attacks the proceedings associated with his conviction from the 214th District Court, Nueces County, Texas (D.E. 1, p. 2), so his one-year limitations period ran from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.*

§ 2244(d)(1)(A). Under the facts of this case, this is the latest of the four dates on which the limitations period can begin; no other AEDPA provision warrants a later starting date. *Id.* 2244(d)(1)(A)-(D).

Trevino argues that the starting date should not be the date his judgment became final, but the date he received actual notice that his judgment was final. D.E. 24, pp. 2–3. But the Fifth Circuit has reasoned that "28 U.S.C. § 2244(d)(1)(A) looks to when a judgment becomes final, not when the petitioner becomes aware that the judgment is final." *Crutcher v. Cockrell*, 301 F.3d 656, 657 (5th Cir. 2002) (per curiam). The Court rejects Trevino's argument that the delay in notice of the final judgment affects the expiration of limitations on his habeas petition.

## II.   Lack of extraordinary circumstances due to COVID-19.

Trevino reurges that his COVID-19 illness and associated lockdown between April 25, 2020 and July 4, 2020 constitute extraordinary circumstances justifying equitable tolling. D.E. 24, pp. 3–4. While Trevino initially focused on the impact of lockdown due to COVID-19, his objections to the M&R focus on how his illness impacted his ability to file on time. *Compare* D.E. 22, p. 13, *with* D.E. 24, pp. 3–4.

As the M&R states, Trevino's state habeas petition, submitted on November 21, 2017 and denied on September 16, 2020, already tolled the period when Trevino was sick and in lockdown. D.E. 24, pp. 2, 5 (citing D.E. 12-26; D.E. 12-44, pp. 4, 29; 28 U.S.C. § 2244(d)(2)). He cannot add seventy days of equitable tolling when that time already did not count toward his calculations. *See* 28 U.S.C. § 2244(d)(2) (tolling the "time during which a properly filed application for State post-conviction or other collateral review with

3

respect to the pertinent judgment or claim is pending"). And he has failed to submit any authority supporting his argument. The Court rejects the argument that he was entitled to additional time under the doctrine of equitable tolling for his period of illness that occurred during an already-tolled period.

### III.   No newly recognized constitutional right.

Trevino also reurges that he has a basis for review of his claim on the merits because his claim "concern[s] a constitutional right recognized by the Supreme Court." D.E. 24, p. 4. To take advantage of this exception, Trevino must show that the constitutional right was a newly recognized constitutional right made retroactively applicable to cases on collateral review. 28 U.S.C. § 2244(d)(1). Trevino's constitutional claims were available to Trevino when his judgment became final on January 30, 2017. They are not new. Therefore, Trevino's argument does not warrant a different calculation for the AEDPA's one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1).

### CERTIFICATE OF APPEALABILITY

Trevino states that the recommended denial of a COA is premature because the Court has not yet ruled on the case. D.E. 24, p. 6. But as set out in the M&R, a court may rule on a COA when it rules on the merits of the case. Rule 11(a), 28 U.S.C. § foll. 2255. Because Trevino fails to show that the dispositive issues in this case are debatable, the Court **DENIES** a COA.

### CONCLUSION

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the M&R, as well as Trevino's objections, and all other relevant documents in the

record, and having made a de novo disposition of the portions of the M&R to which objections were specifically directed, the Court **OVERRULES** Trevino's objections and **ADOPTS** the Magistrate Judge's findings and conclusions. Accordingly, the Court **GRANTS** Respondent's Motion for Summary Judgment (D.E. 13) and **DISMISSES** Trevino's petition (D.E. 1).

ORDERED on January 28, 2022.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE